**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Wake Energy, LLC, on behalf of itself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. ___22-CV-364-GLJ___ |
| Mustang Fuel Corporation and Mustang Gas Products, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, Wake Energy, LLC ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Class Action Complaint against Mustang Gas Products, LLC ("Mustang Gas") and Mustang Fuel Corporation ("Mustang Fuel") (collectively, Mustang Gas and Mustang Fuel are referred to herein as "Defendants"), and alleges and states the following.

**SUMMARY**

1.      This class action concerns Defendants' willful and ongoing violations of Oklahoma law related to the interest owed on untimely payments of proceeds derived from the sale of oil and gas production to those legally entitled thereto.

2.      Oklahoma's Production Revenue Standards Act ("PRSA") requires holders of proceeds derived from the sale of oil and gas production, like Defendants here, to pay interest on "proceeds from the sale of oil or gas production or some portion of such

proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute. 52 O.S. § 570.10(D).

3.      The PRSA imposes automatic interest on late payments. Compliance with the PRSA is not optional, and the statute contains no demand requirement before an owner is entitled to statutory interest.

4.      Defendants know they are bound by statute to pay interest on late payments, but has consistently ignored these obligations and deliberately violated Oklahoma law.

5.      Defendants do not automatically pay the interest they owe on untimely payments of O&G Proceeds. Instead, upon information and belief, Defendants have a policy of only paying statutory interest when those legally entitled thereto demand it, despite the fact that no such demand requirement exists.

6.      Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received untimely payments from Defendants for which they did not pay the interest required by the PRSA.

## PARTIES

7.      Plaintiff is a citizen of the State of Oklahoma.

8.      Plaintiff owns an oil and gas interest for which Defendants owed a duty under Oklahoma law to timely remit proceeds to Plaintiff.

9.      Defendant Mustang Fuel is an Oklahoma corporation with its principal place of business located in Oklahoma City, Oklahoma. Defendant Mustang Fuel may be

served with process by serving its registered agent: E Carey Joullian IV, 9800 N. Oklahoma Ave., Oklahoma City, Oklahoma 73114.

10.     Defendant Mustang Gas is an Oklahoma limited liability company with its principal place of business located in Oklahoma City, Oklahoma. Mustang Gas is a wholly-owned subsidiary and instrumentality of Defendant Mustang Fuel. Defendant Mustang Gas may be served with process by serving its registered agent: E Carey Joullian IV, 9800 N. Oklahoma Ave., Oklahoma City, Oklahoma 73114.

11.     Defendant Mustang Fuel is in the business of operating and producing oil and gas and constituent products from the oil and gas properties in which the Plaintiff and class members hold interests.

12.     Defendant Mustang Gas is in the business of purchasing and transporting oil and gas and constituent products from the oil and gas properties in which the Plaintiff and class members hold interests.

13.     Defendants remit proceeds from oil and gas production to class members.

14.     Defendant Mustang Gas is a wholly-owned subsidiary of Mustang Fuel.

15.     At all times relevant to the claims asserted in this Class Action Complaint, Defendants were obligated to pay oil and gas proceeds to Plaintiff and the putative class.

## JURISDICTION & VENUE

16.     The preceding allegations are fully incorporated by reference.

17.     This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the

amount in controversy exceeds the sum of $5,000,000, and because members of the class and Defendant are citizens of different states.

18.     This Court has personal jurisdiction over Defendants because of the minimum contacts with this District related to the claims in this case.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District and Mustang Fuel resides in this District.

## FACTUAL ALLEGATIONS

20.     The preceding allegations are fully incorporated by reference.

21.     The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

22.     When a holder fails to pay oil and gas proceeds within those timelines, the holder automatically owes interest on the late payment. *See id*. § 570.10(D)(1)–(2). No notice or demand required before an owner is entitled to statutory interest. *See, e.g., Pummill v. Hancock Expl. LLC*, 419 P.3d 1268, 1272 (Okla. Civ. App. 2018); *Cline v. Sunoco, Inc.*, Case No. 17-CV-313-JAG, 2019 WL 6720206, at *7 (E.D. Okla. Dec. 10, 2019).

23.     Despite the clear statutory obligation, Defendants do not automatically pay interest on all late payments.

24.     Instead, upon information and belief, Defendants only pay statutory interest to owners who demand it, even though the statute contains no such demand requirement.

25.     For example, Mustang Fuel paid Plaintiff proceeds in May of 2022 that were attributable to January of 2022 production from the Geney #1 well in Pittsburg County, Oklahoma.

26.     The proceeds paid in May of 2022 that were attributable to January of 2022 production were not for first sales of production.

27.     Mustang Fuel has not paid statutory interest to Plaintiff for proceeds paid in May of 2022 that were attributable to January of 2022 production.

28.     For example, Mustang Gas paid Plaintiff proceeds in May of 2022 that were attributable to June of 2021 production from the Nightengale C 1 (Mann) well.

29.     The proceeds paid in May of 2022 that were attributable to June of 2021 production were not for first sales of production.

**30.**     Mustang Gas has not paid statutory interest to Plaintiff for proceeds paid in May of 2022 that were attributable to June of 2021 production.

## CLASS ACTION ALLEGATIONS

31.     The preceding allegations are fully incorporated by reference.

32.     Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes (together, the "Classes", or individually "Class I" and "Class II"):

## CLASS I

All non-excluded persons or entities who: (1) received late payments under the PRSA from Mustang Gas (or Mustang Gas' designee) for oil and gas proceeds from Oklahoma wells, or whose proceeds were sent as unclaimed property to a government entity by Mustang Gas; and (2) whose proceeds did not include the statutory interest required by the PRSA.

Excluded from Class I are: (1) Mustang Gas, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian Tribe as defined at 30 U.S.C. § 1702(4) or Indian allotee as defined at 30 U.S.C. § 1702(2); and (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

## CLASS II

All non-excluded persons or entities who: (1) received late payments under the PRSA from Mustang Fuel (or Mustang Fuel's designee) for oil and gas proceeds from Oklahoma wells, or whose proceeds were sent as unclaimed property to a government entity by Mustang Fuel; and (2) whose proceeds did not include the statutory interest required by the PRSA.

Excluded from Class II are: (1) Mustang Fuel, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; and (3) any Indian Tribe as defined at 30 U.S.C. § 1702(4) or Indian allotee as defined at 30 U.S.C. § 1702(2); and (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

33.    Upon information and belief, absent Class members for Class I and Class II, respectively, entitled to interest owing on Defendants' late payments number in the thousands. On information and belief, Defendants distribute oil and gas proceeds for

6

production from wells in multiple Oklahoma counties. Thus, both Class I and Class II,

respectively, are so numerous that joinder of all members is impracticable.

34.    The questions of fact and law common to Class I include:

    a.  Whether Plaintiff and Class I own legal interests in the Oklahoma properties upon which Mustang Gas has an obligation to pay oil and gas proceeds;

    b.  Whether, under Oklahoma law, Mustang Gas owed interest to Plaintiff and Class I on any late payments under the PRSA;

    c.  Whether Mustang Gas' failure to pay interest to Plaintiff and Class I on any late payments constitutes a violation of the PRSA;

    d.  Whether Mustang Gas is obligated to pay interest on future late payments under the PRSA.

35.    The questions of fact and law common to Class II include:

    a.  Whether Plaintiff and Class II own legal interests in the Oklahoma properties upon which Mustang Fuel has an obligation to pay oil and gas proceeds;

    b.  Whether, under Oklahoma law, Mustang Fuel owed interest to Plaintiff and Class II on any late payments under the PRSA;

    c.  Whether Mustang Fuel's failure to pay interest to Plaintiff and Class II on any late payments constitutes a violation of the PRSA;

    d.  Whether Mustang Fuel is obligated to pay interest on future late payments under the PRSA.

36.    Plaintiff's claims are typical of Classes' claims because each Class member's claims are identical.

37.    Defendants treated Plaintiff and the Classes in the same way by failing to pay the required interest on late payments under the PRSA.

38.    Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests do not conflict with the interests of the Classes. Plaintiff is

8

represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

39.     The averments of fact and questions of law in this Class Action Complaint are common to the members of the Classes and predominate over any questions affecting only individual members.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Classes that there is no reason why individual members of the Classes would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual member of the Classes, with the same scope of Classes' membership sought in this Class Action Complaint against Defendants relating to their failure to pay interest owing on the late payment of oil and gas proceeds as required by law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every member of the Classes—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Classes' members may never fully discover the wrongful acts of Defendants, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendants.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

*41.*     The preceding allegations are incorporated by reference.

*42.*     Plaintiff brings this cause of action on behalf of itself and the Classes.

*43.*     Plaintiff and the Classes were legally entitled to the payments of oil and gas proceeds from Defendant.

*44.*     Section 570.10 of the PRSA requires Defendants to pay oil and gas proceeds according to the applicable statutory time periods.

*45.*     The PRSA further requires Defendants to automatically pay interest when they make payments outside of the applicable statutory time periods.

*46.*     Defendants failed to timely pay oil and gas proceeds they owed to Plaintiff and the Classes.

*47.*     In violation of the PRSA, when Defendants ultimately made their late payments to Plaintiff and the Classes, Defendants did not pay the interest required by the PRSA.

*48.*     Defendants' failure to pay interest under the PRSA was knowing and intentional. Defendants are aware of their statutory obligations to automatically pay interest on late payments, but instead, upon information and belief, only pay interest when owners demand it.

49.     Defendants' failure to pay interest they owe under the PRSA has caused Plaintiff and the Classes to suffer harm.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1.    An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2.    An order requiring Defendants to pay Plaintiff and the Classes' members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Defendants' breaches and unlawful conduct, including, without limitation, the compounded interest on late payments as required by law;

3.    An order requiring Defendants to pay interest in the future, as required by law, to Plaintiff and the Classes;

4.    An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this Class Action Complaint;

5.    An order requiring Defendants to pay the Classes' attorney fees and litigation costs as provided by statute; and

6.    Such costs and other relief as this Court deems appropriate.


                              Respectfully submitted,

                    By:   /s/ Brady L. Smith_____
                          Brady L. Smith, OBA #30727
                          Harry "Skeeter" Jordan, OBA #32437
                          **Brady Smith Law, PLLC**
                          One Leadership Square, Suite 1320
                          211 N. Robinson Ave.
                          Oklahoma City, OK 73102
                          Telephone: 405.293.3029
                          Brady@BLSmithLaw.com

Skeeter@BLSmithLaw.com

—and—

Randy C. Smith, OBA #21824
RANDY C. SMITH AND ASSOCIATES
One Leadership Square, Suite 1310
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone (405) 212-2786
Facsimile (405) 232-6515
randy@rcsmithlaw.com