## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WAKE ENERGY, LLC, on behalf of itself and others similarly situated,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. CIV-22-364-RAW-GLJ** |
| )<br>**MUSTANG FUEL CORPORATION,** )<br>**and MUSTANG GAS PRODUCTS,** )<br>**LLC,** )<br>) | |
| **Defendants,** ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on motions to dismiss or to transfer this case to the Western District of Oklahoma. The Court has now referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with the provisions of 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 26]. For the reasons set forth below, the undersigned Magistrate Judge recommends that Defendant Mustang Gas Products, LLC's Motion to Dismiss and/or Transfer and Supporting Brief [Docket No. 16] and Defendant Mustang Fuel Corporation's Motion to Transfer and Supporting Brief [Docket No. 18] be DENIED.

## BACKGROUND & PROCEDURAL HISTORY

The Plaintiff alleges, on behalf of himself and others, that Defendants Mustang Fuel Corporation ("Mustang Fuel") and Mustang Gas Products, LLC ("Mustang Gas") violated Oklahoma's Production Revenue Standards Act in relation to interest proceeds derived

from the sale of oil and gas production, including automatic interest on late payments.  *See* Docket No. 2.  The case is brought under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), as Plaintiff alleges this is a class action in which the amount in controversy exceeds $5,000,000 and members of the class and the Defendants are citizens of different states.  Plaintiff and Defendants are citizens of Oklahoma.

It appears that Plaintiff previously filed a similar (but not identical) case in the Western District of Oklahoma on September 16, 2022.  *See* Case No. CIV-22-821-J, Docket No. 1.  There, Plaintiff named only Defendant Mustang Gas and a well in the Western District of Oklahoma, but never served Mustang Gas and dismissed the case without prejudice on December 14, 2022. *See* CIV-22-821-J, Docket No. 6.[1]  Plaintiff then filed the present case on December 14, 2022, naming both Mustang Fuel and Mustang Gas [Docket Nos. 1-2].  Defendant Mustang Gas filed a Motion to Dismiss and/or Motion to Transfer on January 5, 2023 [Docket No. 16].  Mustang Gas urges dismissal based on improper venue or alternatively, transfer to the Western District of Oklahoma.  On the same day, Defendant Mustang Fuel filed a motion to transfer this case to the Western District of Oklahoma [Docket No. 18].  The undersigned Magistrate Judge now makes the following findings on the two pending motions in this case.

---

[1] "The Court 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Farley v. Williams*, 2022 WL 4464374, at *1 n.2 (W.D. Okla. Sept. 26, 2022) (*quoting St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (*abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001)).

# I.    ANALYSIS

Defendant Mustang Gas contends that venue in the Eastern District of Oklahoma is inappropriate because Mustang Gas is not a resident of this district for purposes of venue and personal jurisdiction, and the alleged events and lands did not occur and are not located in this district.   Mustang Gas therefore requests dismissal of the claims against the company, or a transfer of the case to the Western District of Oklahoma.   Defendant Mustang Fuel concedes that venue is technically proper in the Eastern District as to Mustang Fuel, but requests transfer to the Western District pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the undersigned Magistrate Judge finds that venue is appropriate here as to both Defendants and that the request to transfer pursuant to § 1404(a) should be denied.

## A.  Venue Is Proper in the Eastern District of Oklahoma as to Both Defendants

The undersigned Magistrate Judge first addresses the question of venue.  Venue is governed by 28 U.S.C. § 1391.  As relevant to this case, civil actions may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"  *Id*. at § 1391(b)(1)-(2).  Residency is determined for an entity, whether or not incorporated, "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" § 1391(c)(2).  Additionally, in a state such as Oklahoma that has more than one judicial district, corporations are "deemed to reside in any district in that State within

which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" *Id*. at § 1391(d).

Mustang Fuel, parent company to Mustang Gas, originally conceded that venue is proper in the Eastern District of Oklahoma as to Mustang Fuel under § 1391(b)(2), because Plaintiff alleges an interest in the Pittsburg County, Oklahoma well, Geney #1, which is located in the Eastern District of Oklahoma, but did not concede residency in the Eastern District pursuant to § 1391(b)(1). *Compare* § 1391(b)(2) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District, or a substantial part of the property is situated[.]") *with* § 1391(b)(1) (civil actions may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"). Mustang Fuel is a corporation incorporated in Oklahoma. *See* Docket No. 19. 28 U.S.C. § 1391(d) ("corporations are deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]"). Plaintiff's Response notes that Mustang Fuel owns real property in the Eastern District and has a field office here, and that it operates 342 active wells in the Eastern District, which represents over 50% of Mustang Fuel's active wells. And Mustang Fuel now concedes that it *is a resident* of the Eastern District for purposes of venue [Docket No. 28, p. 4], *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("*Goodyear [Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927-928 (2011)] did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm

all-purpose forums."), while continuing to assert that the Western District is also an appropriate and preferred venue, *see Daimler*, 571 U.S. at 137 ("With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.") (quotation omitted).    Based on Plaintiff's allegations regarding Mustang Fuel's contacts with the Eastern District, along with Mustang Fuel's concession, the undersigned Magistrate Judge finds that Mustang Fuel has sufficient minimum contacts with the Eastern District of Oklahoma to establish specific personal jurisdiction under § 1391(b)(1), as it purposely availed itself of the privilege of conducting business in the Eastern District.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998) ("Purposeful availment requires actions by the Defendant that "create a substantial connection with the forum state.") (*quoting Asahi Metal Ind. Co., Ltd. V. Superior Court of California, Solano Cty.,* 480 U.S. 102, 109 (1987)).  Venue is thus proper for Mustang Fuel as to both § 1391(b)(1) *and* (b)(2).

Mustang Gas, however, asserts that venue is not proper in the Eastern District of Oklahoma regarding Plaintiff's claims against it and therefore requests dismissal or transfer to the Western District of Oklahoma.  Mustang Gas asserts that it is headquartered in Oklahoma City, Oklahoma, which is in the Western District of Oklahoma, and that it has no corporate offices in the Eastern District.  Furthermore, because Oklahoma has three federal judicial districts, Mustang Gas contends that it does not have sufficient contacts to establish personal jurisdiction in the Eastern District of Oklahoma if it were a separate

state,[2] and that Plaintiff's claims as to Mustang Gas all relate to events and lands located in the Western District of Oklahoma. Plaintiff's Complaint names Mustang Gas's Nightengale C 1 (Mann) well, which is located in the Western District of Oklahoma. Plaintiff correctly notes, however, that venue is deemed proper if (i) only *one* of the defendants "resides" in the Eastern District and (ii) both defendants are residents of Oklahoma. *See* 28 U.S.C. § 1391(b)(1), (c)(2) & (d). This requirement is easily met because (i) Mustang Fuel is a corporation deemed to reside in the Eastern District and (ii) both Defendants reside in Oklahoma. The undersigned Magistrate Judge thus finds that venue is proper in the Eastern District of Oklahoma.

### B.  No Transfer to Western District of Oklahoma

Both Defendants assert that this Court should alternatively transfer the present case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a), because Plaintiff and both Defendants are all residents of the Western District and Plaintiff's previous voluntarily-dismissed case was filed in the Western District.[3] Section 1404(a) states that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This analysis is discretionary and to be done on "an individualized, case-by-case consideration

---

[2] Mustang Gas has not raised a challenge based on personal jurisdiction.

[3] Mustang Gas's motion is titled, "Defendant Mustang Gas Products, LLC's Motion to Dismiss and/or Transfer and Supporting Brief," but Mustang Gas makes no substantive arguments under 28 U.S.C. § 1404(a) in support of a transfer to the Western District of Oklahoma other than to assert without support in the Defendants' Joint Reply that it has provided "ample reasons to transfer." Nonetheless, the undersigned Magistrate Judge addresses the substantive request in conjunction with Mustang Fuel's but finds Mustang Gas, along with Mustang Fuel, has failed to meet its burden as discussed herein.

of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quotation omitted). Furthermore, "[t]he party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. Factors to consider are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (*quoting Chrysler Credit Corp.*, 928 F.2d at 1516). It appears clear that this case "might have been brought" in the Western District of Oklahoma, so the undersigned Magistrate Judge proceeds with weighing the discretionary factors. The Defendants make no arguments related to the cost of making necessary proof, questions as to the enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, and the possibility of the existence of questions arising in the area of conflict of law. Therefore, these factors at the least are neutral or irrelevant, *see Airtex Mfg, LLLP v. Bonesco Brothers Constr., Inc.*, 2020 WL 4922192, at *5-8 (D. Kan. Aug. 21, 2020) (finding certain factors neutral where Defendant failed to produce evidence or provide arguments) *and Emplrs. Mut. Cas. Co.*, 618 F.3d at 1170 (finding certain factors neutral or irrelevant where Defendant failed to raise arguments), if not explicitly weighted against transfer, *see Rhea v. Apache Corporation*, 2015 WL 13876783, at *4 (E.D. Okla. Jan. 29, 2015) ("[S]ince

Defendant failed to come forward with any evidence regarding the cost of litigation [and three other factors, these] factor[s] weigh[] against transfer."). The undersigned Magistrate Judge now turns to the remaining factors.

1. Choice of Forum. The Tenth Circuit has stated "for more than five decades" that a movant bears the burden of demonstrating that the balance of factors "strongly favors" a transfer under § 1404(a). *Employers Mut. Cas. Co.*, 618 F.3d at 1167 n.13 (citations omitted). "Unless weighing these factors demonstrates that the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Norrid v. D.A.R.P., Inc.*, 2018 WL 2977384, at *3 (E.D. Okla. June 13, 2018). However, Plaintiff's choice of forum may be entitled to somewhat less deference if Plaintiff does not reside in the district, *Emps. Mut. Cas. Co.*, 618 F.3d at 1168, and when Plaintiff is a class representative, *Rice v. Burlington Res. Oil & Gas Co. LP*, 2021 WL 5114311, at *2 (N.D. Okla. Mar. 16, 2021) (*citing Norrid*, 2018 WL 2977384, at *3; *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004)).

Defendants assert that Plaintiff's choice of forum should be given little deference, pointing out that Plaintiff does not reside in the Eastern District and filed the previous lawsuit in the Western District, and that forum choices of proposed class representatives further diminish the choice of forum. Plaintiff states that they deliberately chose this forum because Defendant Mustang Fuel owns and operates over 340 wells in the Eastern District, and they believe this case will produce similar class numbers as previously-filed class actions in the Eastern District. Plaintiff also resists the charge of forum shopping, stating that the action filed in the Western District preceded the information that Defendant

Mustang Fuel (never named in the Western District case) operates in the Eastern District of Oklahoma, and that Plaintiff filed the present action to facilitate judicial efficiency and economy because over half of Mustang Fuel's wells are in the Eastern District.

The undersigned Magistrate Judge finds that this factor weighs against transfer. Plaintiff's previously-filed and dismissed case has no bearing on the present case as it did not name all the parties or wells named in the present case, and Plaintiff has further demonstrated that the present case was filed after Plaintiff obtained Mustang Fuel's well ownership location information. More importantly, this case has a significant connection to the Eastern District of Oklahoma, with a significant number of active wells located within its boundaries. This necessarily has financial ramifications for this District. Additionally, the reduced deference afforded in class action cases is more applicable where class members reside in areas "far removed" from the forum chosen by Plaintiff. *Donnelly v. Klosters Rederi A/S*, 515 F. Supp. 5, 6-7 (E.D. Pa. 1981) (affording little weight to Plaintiff's choice of forum where "many of the class members reside over a large area far removed from the forum plaintiff has chosen[,]" where "less than 5% of the proposed class resided within the Eastern District of Pennsylvania" but over 40% resided in Florida). Over half of the active wells owned by Mustang Fuel are located within the chosen forum and many of the class members will be found within this district as well. In light of Plaintiff's generally wide latitude in choosing a forum for commencing an action and the location of so many active wells and class members likely found in this jurisdiction, the undersigned Magistrate Judge finds the balance remains in favor of Plaintiff's choice of forum and against transfer. *See Emps. Mut. Cas. Co.*, 618 F.3d at 1168 ("[U]nless the balance is

strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed. . . . Although EMC is an Iowa corporation that does not reside in Wyoming for purposes of § 1404(a), 'the facts giving rise to the lawsuit have [a] material relation or significant connection to' Wyoming.") (*quoting Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) *and Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

    2. <u>Accessibility of Witnesses and Other Sources of Proof</u>. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Cook*, 816 F. Supp. at 669. Defendant contends that all witnesses reside in and around Oklahoma City, Oklahoma, and that Oklahoma City is approximately 138 miles away, increasing the time and expense concerns for these unnamed witnesses. "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'" *Emps. Mut. Cas. Co.*, 618 F.3d at 1169 (*quoting Scheidt,* 956 F.2d at 966 (brackets omitted) (internal quotation marks omitted); 15 Wright, Miller & Cooper, *supra* note 13, § 3851, at 227–28 ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, . . . the application for transferring the case should be denied. . . ."); and 17 Moore, *supra,* § 111.13[f][v] ("The materiality of the prospective witnesses [sic] testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed." (citation omitted)). Here, Defendant Mustang Fuel identified by affidavit three witnesses located in Oklahoma City, Oklahoma whom they

"may call on to support its defenses." Docket No. 18, Ex. 2 at p. 2. While meeting the first requirement for demonstrating inconvenience, Mustang Fuel fails to meet the remaining requirements. *Cf. Rhea v. Apache Corp.*, 2015 WL 13876783, at *3 (E.D. Okla. Jan. 29, 2015) ("Defendant failed to identify one witness or their location much less explain their testimony or if they refused to testify. As a result, the court finds the accessibility of witnesses and sources of proof weigh against transfer."). Accordingly, the undersigned Magistrate Judge finds that this factor weighs against transfer.

   3.   Difficulties Arising From Congested Dockets.   "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emps. Mut. Cas. Co.*, 618 F.3d at 1169 (citations omitted). The Federal Court Management Statistics, produced by the U.S. Courts, have most recently been published to reflect statistics for the twelve-month period ending June 20, 2022.[4] These statistics reflect that the median time from filing to disposition is 14.6 months in the Eastern District of Oklahoma and 10.2 months in the Western District of Oklahoma. The Eastern District had no civil trials during that period, while the Western District median time from filing to civil trial was 24.5 months. The pending cases per Judgeship was 636 in the Eastern District and 292 in the Western District, while the average weighted filings per Judgeship (as to District Judges) were 502 in the Eastern District and 296 in the Western District. *See* "U.S. District Courts Combined Civil and Criminal Federal

---

[4]      *See*            https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/06/30-3.

Court        Management        Statistics        (June        30,        2022),"
https://www.uscourts.gov/statistics/table/na/federal-court-management-
statistics/2022/06/30-3.   Defendants contends that these numbers favor a transfer to the
Western District.

Plaintiff correctly points out that despite the large difference in number of cases per
Judgeship,[5] the median time to disposition is only slightly longer, by 4.4 months.   Plaintiff
also accurately notes this Court has handled multiple oil and gas class action lawsuits
efficiently in recent years.   The undersigned Magistrate Judge also takes particular note
that, despite the large disparity in pending cases and average weighted filings, the median
time from filing to disposition is only a difference of 4.4 months.   Indeed, the Eastern
District of Oklahoma was recently ranked the third most productive federal district court[6]
in America for fiscal year ending September 30, 2022,[7] while the Western District did not
make the list of the top thirty-three federal district courts.   Additionally, the undersigned
Magistrate Judge was appointed to a recently-created additional U.S. Magistrate Judge
position in the Eastern District of Oklahoma, and all pretrial and discovery matters in this
case have been referred to the undersigned in accordance with 28 U.S.C. § 636(b) and Fed.
R. Civ. P. 72, *see* Docket No. 26.   The statistics above do not account for such assistance
from U.S. Magistrate Judges.   In light of the small differences in median time to disposition

---

[5] The undersigned Magistrate Judge further notes that the Western District is attributed six District
Judge positions while the Eastern District is attributed 1.5.
[6] Based on data extracted from the Administrative Office Statistics Division – District Court Trials
Tables FY2022, T-4, T-6, and T-8.
[7] This is particularly notable given the influx of cases in this district following the Supreme Court's
decision in *McGirt v. Oklahoma*, _ U.S. _, 140 S.Ct. 2452 (2020).

between the two districts, as well as the referral in place in this case, the undersigned Magistrate Judge is not persuaded that this factor weighs in favor of transfer.

4. Local Court Determining Local Law. While Defendants do not address the issue of local courts determining local law, the Tenth Circuit instructs that "courts favor adjudication by a court sitting in that locale." *Emps. Mut. Cas. Co.*, 618 F.3d at 1170. In arguing against transfer, Plaintiff raises this factor and notes that over half of Mustang Fuel's active well are located in this district. Additionally, Oklahoma law is considered "local law" for both courts. Accordingly, the undersigned Magistrate Judge finds that the issue of "local law" weighs against transfer. *Compare with Rhea*, 2015 WL 13876783, at *3 (Where Defendant argued "class members, the wells, and the breach all occurred in the Western District[,]" this Court found "Plaintiff is a resident of this district and that harm which occurred to him and 125 other class members occurred in this district. Accordingly, the court finds this case clearly presents issues of local concern to the Eastern District of Oklahoma which weigh against transfer [to the Western District of Oklahoma].").

5. All Other Considerations. Defendant Mustang Fuel finally argued that granting its Motion to Dismiss and/or Transfer on the basis of improper venue would weigh toward transferring to the Western District. As discussed above, however, the undersigned Magistrate Judge finds that venue is proper in the Eastern District of Oklahoma as to Mustang Gas *and* Mustang Fuel pursuant to 28 U.S.C. § 1391(b)(1) ("[C]ivil actions may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"), and that Mustang Gas's Motion

to Dismiss should be denied.  Accordingly, Defendants have brought forth no other considerations weighing in favor of transfer.

After reviewing all the relevant factors and arguments, the undersigned Magistrate Judge thus finds the Defendants "did not meet [their] burden in showing the factors weigh in favor of a transfer to the Western District of Oklahoma." *Rhea*, 2015 WL 13876783, at *4.  Accordingly, the Defendants' Motions to Transfer should be denied.

## II.    CONCLUSION

Based on the above findings, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Mustang Gas Products, LLC's Motion to Dismiss and/or Transfer and Supporting Brief [Docket No. 16] and Defendant Mustang Fuel Corporations Motion to Transfer and Supporting Brief [Docket No. 18] should be DENIED.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 15th day of February, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

-14-