## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Wake Energy LLC, on behalf of itself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 22-CV-364-RAW-GJL |
| Mustang Fuel Corporation and Mustang Gas Products, LLC, | |
| Defendants. | |

## PLAINTIFF'S UNOPPOSED MOTION
## TO CERTIFY THE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES,
## TO PRELIMINARILY APPROVE THE CLASS ACTION SETTLEMENT,
## TO APPROVE THE FORM AND MANNER OF NOTICE, AND TO SET A
## DATE FOR A FINAL FAIRNESS HEARING

Brady L. Smith, OBA #30727
Harry "Skeeter" Jordan, OBA #32437
BRADY SMITH LAW, PLLC
One Leadership Square, Suite 132Harr0 211 N. Robinson
Oklahoma City, OK 73102
(405) 293-3029
brady@blsmithlaw.com
skeeter@blsmithlaw.com

–and–

Randy C. Smith, OBA #21824
RANDY C. SMITH AND ASSOCIATES
One Leadership Square, Suite 1310
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone (405) 212-2786
Facsimile (405) 232-6515
randy@rcsmithlaw.com

**COUNSEL FOR PLAINTIFF**

# TABLE OF CONTENTS

Table of Contents ................................................................................................. ii

Table of Authorities ............................................................................................ iii

Introduction ......................................................................................................... 6

Summary of the Litigation ................................................................................... 7

Argument & Authority .......................................................................................... 8

A. The Court Should Certify the Settlement Class for Settlement Purposes ................. 8

1.        Numerosity ............................................................................................ 9

2.        Commonality ........................................................................................ 10

3.        Typicality ............................................................................................. 11

4.        Adequacy of Representation .................................................................. 12

5.        Predominance ....................................................................................... 13

6.        Superiority ........................................................................................... 14

B. The Court Should Grant Preliminary Approval of the Proposed Settlement .......... 15

1.        Plaintiff and His Counsel Have Adequately Represented
          the Settlement Class ............................................................................ 16

2.        The Proposed Settlement Was Negotiated at Arm's Length ..................... 17

3.        The Relief Provided for the Class Is Adequate,
          Taking into Account: ............................................................................ 19

i.        The Costs, Risks, and Delay of Trial and Appeal ................................... 19

ii.       The Effectiveness of Any Proposed Method of Distributing Relief to the
          Class, Including the Method of Processing Class Members' Claims .... 19

iii.      The Terms of Any Proposed Award of Attorneys'
          Fees, Including Timing of Payment ....................................................... 21

iv.       Any Agreement Required to be Identified under
          Rule 23(e)(3) ....................................................................................... 21

4.        The Settlement Treats Class Members Equitably Relative to
          Each Other .......................................................................................... 21

C. The Court Should Preliminarily Approve the Proposed Notice
   of Settlement to the Settlement Class .................................................................. 22

D. Appointment of JND Legal Administration as Settlement
   Administrator is Proper ..................................................................................... 24

E. Appointment of JND Legal Administration as Escrow Agent is Proper ................. 24

i                                          ii

Conclusion ................................................................................................................. 25

## TABLE OF AUTHORITIES

**Cases**

*Amoco Prod. Co. v. Fed. Power Comm'n*,
465 F.2d 1350 (10th Cir. 1972) ...................................................................... 15

*Arkalon Grazing Ass'n v. Chesapeake Operating, Inc.*,
275 F.R.D. 325 (D. Kan. 2011)...................................................................... 14

*Big O Tires, Inc. v. Bigfoot 4x4, Inc.*,
167 F. Supp. 2d 1216 (D. Colo. 2001)........................................................... 15

*CGC Holding Co., LLC v. Hutchens*,
773 F.3d 1076 (10th Cir. 2014)……………………………………………….13

*Cline v. Sunoco, Inc. (R&M)*,
333 F.R.D. 676 (E.D. Okla. 2019)…………………………………………..9, 11

*D'Amato v. Deutsch Bank*,
236 F.3d 78 (2d Cir. 2001)............................................................................ 18

*Deitrich v. Enerfin Resources I Limited Partnership, et al.*,
No. 20-CV-084-KEW (E.D. Okla. 2022) ...................................................... 20

*DG v. Devaughn*,
594 F.3d 1188 (10th Cir. 2010)……………………………………………...8

*Horn v. Associated Wholesale Grocers, Inc.*,
555 F.2d 270 (10th Cir. 1977) ...................................................................... 9

*In re Motor Fuel Temperature Sales Practices Litig.*,
271 F.R.D. 263 (D. Kan. 2010)………………………………………….8, 14-16

*In re Telik, Inc. Sec. Litig.*,
576 F. Supp. 2d 570 (S.D.N.Y. 2008)........................................................... 18

*In re Urethane Antitrust Litig.*,
768 F.3d 1245 (10th Cir. 2014) ................................................................... 13

*Lucas v. Kmart Corp.*,
234 F.R.D. 688 (D. Colo. 2006) ..........................................................15, 19, 22

*McKnight Realty Co. v. Bravo Arkoma, LLC*,
No. 20-CV-428-KEW (E.D. Okla. 2022) ..................................................... 20

*McNeill v. Citation Oil & Gas Corp.*,
No. 17-CIV-121-RAW (E.D. Okla. 2019)..................................................... 20

*Milonas v. Williams*,
691 F.2d 931 (10th Cir.1982)………………………………………………10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306, 314 (1950)............................................................................... 22

*Reed v. GM Corp.*,
703 F.2d 170 (5th Cir. 1983) ...................................................................... 17

*Reirdon v. XTO Energy Inc.*,
No. 6:16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018)................................. 10

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
314 F.3d 1180, 1188–89 (10th Cir. 2002) ................................................. 12

*Sears v. Atchison, Topeka & Santa Fe Ry., Co.*,
749 F.2d 1451 (10th Cir. 1984) ................................................................. 15

*Tennille v. Western Union Co.*,
785 F.3d 422 (10th Cir. 2015) ...................................................................... 8

*Tyson Foods, Inc. v. Bouaphakeo*,
136 S. Ct. 1036 (2016)……………………………………………………10, 13

*Wilkerson v. Martin Marietta Corp.*,
17 F.R.D. 273 (D. Colo. 1997) ................................................................. 18

**Statutes**
OKLA. STAT. tit. 52, § 570.10............................................................. *passim*

**Rules**
FED. R. CIV. P. 23 ................................................................................ *passim*

**Secondary Sources**
Newberg et al., NEWBERG ON CLASS ACTIONS § 3:10 (5th ed. 2011) ............... 10

MANUAL FOR COMPLEX LITIGATION § 13.14 (4th ed. 2004).......................... 15

## INTRODUCTION

After more than a year and a half of litigation, Plaintiff has obtained an outstanding recovery for the Settlement Class. Specifically, Plaintiff has reached a settlement worth $2.1 million in cash for Plaintiff's class claims for statutory interest owed on late payments of oil-and-gas proceeds under Oklahoma law. Additionally, Plaintiff has obtained substantial future benefits for the Settlement Class by obtaining an agreement from Mustang Fuel Corporation and Mustang Gas Products, LLC ("Defendants") that they will implement procedures to comply with the timing and interest requirements of the Production Revenue Standards Act ("PRSA"), OKLA. STAT. tit. 52, § 570.10.

Plaintiff now respectfully requests that the Court preliminarily approve the class settlement. Specifically, through this Motion, Plaintiff requests the Court: (1) certify the Settlement Class for Settlement purposes; (2) preliminarily approve the Settlement; (3) appoint Plaintiff as Class Representative for the Settlement Class; (4) appoint Brady L. Smith and Harry "Skeeter" Jordan of Brady Smith Law, PLLC and Randy C. Smith of Randy C. Smith and Associates as Co-Lead Class Counsel; (5) approve the form and manner of the proposed Notice; (6) appoint a Settlement Administrator; (7) appoint an Escrow Agent; and (8) set a hearing date for final approval of the Settlement and application for an award of Plaintiff's Attorneys' Fees, Litigation Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award to Plaintiff.[1]  Plaintiff and Defendants have agreed to the form of the

---

[1] Unless otherwise defined herein, Plaintiff incorporates by reference the defined terms contained in the Settlement Agreement. *See* **Ex. 1**.

Preliminary Approval Order, which is Exhibit 1 to the attached Settlement Agreement (**Ex. 1**) and which Plaintiff will submit to the Court contemporaneously with the filing of this motion.

## SUMMARY OF THE LITIGATION

Plaintiff initiated this case on December 14, 2022, with the filing of the Complaint, in which Plaintiff alleged that Defendants violated the PRSA. *See* Doc. 1. Defendants each filed a Motion to Transfer and/or Dismiss on January 5, 2023. *See* Docs. 16 and 18. Plaintiff filed its Responses to Defendant's Motion to Transfer and/or Dismiss on January 19, 2023. *See* Docs. 23 and 24. The Court entered an Order Setting a Scheduling Conference and requiring a Joint Status Report on January 19, 2023. *See* Doc. 22. Defendants filed their Reply in Support of the Motions to Dismiss and/or Transfer on February 2, 2023. *See* Doc. 28. The parties conferred on a joint status report, which they filed on February 6, 2023. *See* Doc. 29. The parties also conferred and moved (*see* Doc. 35) the Court to enter a stipulated protective order, which the Court entered on February 28, 2023. *See* Doc. 36. The Court entered an Order Denying Defendant's Motions to Transfer and/or Dismiss on March 14, 2023. *See* Doc. 37. Defendants each filed its Answer to Complaint on April 28, 2023. *See* Docs. 38 and 39. The Court entered the Class Certification Scheduling Order on February 8, 2023, and the Amended Scheduling Order on December 6, 2023. *See* Docs. 33 and 44.

After the entry of the Scheduling Order (Doc. 33), Plaintiff promptly issued discovery requests to Defendants. The parties exchanged large amounts of data and information related to the claims in this case. After the parties had an opportunity to review the data relating to the claims made in this litigation, the parties engaged an accounting consultant to analyze the data provided by Defendants and to arrive at a preliminary class-wide damage model. Over a period

of several months, the parties and their consultants shared feedback and questions on specifics of the damage model. After months of negotiations, the parties agreed on the essential terms of a settlement. The parties have since worked to memorialize their agreement into a formal settlement agreement, which they have now done.

## ARGUMENT & AUTHORITY

### A.    The Court Should Certify the Settlement Class for Settlement Purposes

In reviewing a proposed settlement for a putative class, the court determines whether the action may be maintained as a class action under Fed. R. Civ. P. 23. *See, e.g.*, *Tennille v. Western Union Co.*, 785 F.3d 422. 430 (10th Cir. 2015). Rule 23 examines four factors at class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Further, Rule 23(b) examines whether common questions predominate the dispute and whether the class action is superior to other methods.

District courts exercise "considerable discretion" in making class-certification decisions. *DG v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010). The Tenth Circuit defers to a trial court's certification ruling "if it applies the proper Rule 23 standard and its 'decision falls within the bounds of rationally available choices given the facts and law involved in the matter at hand.'" *Id*. (citation omitted). In the settlement context, however, the court need not inquire as to trial manageability under Rule 23(b)(3)(D). *In re Motor Fuel Temperature Sales Practices Litig.*, 271 F.R.D. 263, 269 (D. Kan. 2010).

Plaintiff and Defendants have stipulated to: (1) the certification of the Settlement Class for settlement purposes; (2) the appointment of Plaintiff as class representative; and (3) the appointment of Randy Smith of Randy C. Smith and Associates and Brady L. Smith and Harry

"Skeeter" Jordan of Brady Smith Law, PLLC as Co-Lead Class Counsel for the Settlement Class. *See* **Ex. 1**, Settlement Agreement at 3. Accordingly, Plaintiff moves the Court to certify the Settlement Class consisting of:

> All non-excluded persons or entities who: (1) received late payments under the PRSA from Defendants (or Defendants' designee) for oil and gas proceeds from Oklahoma wells, or whose proceeds from Oklahoma wells were sent as unclaimed property to a government entity by Defendants; and (2) whose proceeds did not include the statutory interest required by the PRSA.

> Excluded from the Class are: (1) Defendants, their affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian Tribe as defined at 30 U.S.C. § 1702(4) or Indian allotee as defined at 30 U.S.C. § 1702(2); (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; (5) publicly traded companies; and (6) XTO Energy Inc, SK Nemaha, LLC, Ovintiv Mid-Continent Inc, Hinkle Oil & Gas Inc., White Star Petroleum Holdings, LLC, Continental Resources Inc, Unit Petroleum Company, Staghorn Petroleum II, LLC, Chesapeake Exploration, L.L.C., Canvas Energy LLC, Contango Resources LLC, BCE-Mach III LLC, and Shiloh Oil Corporation.

*See id.* at 11–12. Certification of the Settlement Class for settlement purposes furthers the interests of Class Members and Defendants by allowing this case to be settled on a class-wide basis. The proposed Settlement Class satisfies the requirements of Rule 23, and thus this Court should certify the Settlement Class.

### 1.      Numerosity

Rule 23(a)(1) requires "the class [be] so numerous that joinder of all members is impracticable." *See Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977) (holding a class as small as 46 sufficient). Here, the Settlement Class consists of thousands of owners dispersed throughout Oklahoma and other states, making joinder of all

Class Members impracticable. *See Cline v. Sunoco, Inc. (R&M)*, 333 F.R.D. 676, 682 (E.D. Okla. 2019) ("the proposed class encompasses thousands of interest owners, which easily satisfies the numerosity requirement under Rule 23(a)(1)."). Plaintiff has identified over 17,400 potential Class Members. Further, Defendants have agreed the Settlement Class should be certified for settlement purposes. *See* **Ex. 1**, Settlement Agreement at 12. Numerosity is satisfied.

### 2.    Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." A "common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted). Even "'[f]actual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist.'" *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir.1982). Plaintiff need only show a single issue common to all members of the class. *See DG*, 594 F.3d at 1195; Newberg et al., NEWBERG ON CLASS ACTIONS § 3:10, at 272-73 (5th ed. 2011).

This Court has certified several similar class actions, finding common issues existed. *See, e.g.*, *Cowan, et al., v. Devon Energy Corporation, et al.,* No. 22-CV-220-JAR, Doc. 21 (E.D. Okla. Sept. 21, 2022) (preliminarily approving PRSA late-payment class for settlement purposes); *Dinsmore, et al. v. Phillips 66 Co.*, No. 22-CV-44-JFH, Doc. 27 (E.D. Okla. June 20, 2023) (same); *see also Lee v. PetroQuest Energy, L.L.C., et al.*, No. 16-CV-516-KEW, Doc. 152 (E.D. Okla. Jan. 11, 2023) (same); *see also  Allen, et al. v. Apache Corp.*, No. 22-CV-

00063-JAR, Doc. 23 (E.D. Okla. Aug. 1, 2022) (same); *Dasa Inv., Inc. v. EnerVest Operating, L.L.C.*, Case No. 6:18-CIV-083-SPS, 2019 WL 8163862 (E.D. Okla. Oct. 30, 2019) (same); *Reirdon v. XTO Energy Inc.*, Case No. 6:16- cv-00087-KEW, Doc. 122 (E.D. Okla. Jan. 29, 2018) (same). Even in the context of contested class certification, the Eastern District of Oklahoma recently certified a class for identical claims for statutory interest under the PRSA. *See Cline v. Sunoco, Inc. (R&M)*, 333 F.R.D. 676, 683 (E.D. Okla. 2019).

In addition, other federal courts in Oklahoma have certified several similar class actions, finding common issues existed. *Rice v. Burlington Res. & Gas Co. LP*, No. 20-CV-431-GKF-SH, Doc. 66 (N.D. Okla. Aug. 25, 2023); *Hay Creek Royalties, LLC v. Roan Res. LLC*, No. 19-CV-177-CVE-JFJ, Doc. 61 (N.D. Okla. Jan. 25, 2021) (preliminarily approving, *inter alia*, late-payment class for settlement purposes); *Pau-per Petroleum, LLC v. Kaiser-Francis Oil Co.*, No. 19-CV-514-JFH-JFJ, Doc. 56 (N.D. Okla. Sept. 3, 2021) (same).

Plaintiff's PRSA claim involves questions of law and fact that can be answered uniformly for the Settlement Class using common evidence. The PRSA claims turn on whether Defendants paid owners statutory interest on payments of oil-and-gas proceeds made outside of the timeframes established by the PRSA. Plaintiff alleges that Defendants' alleged uniform practice of first requiring a demand from owners for statutory interest violates the PRSA, and that presents a common question of fact and law. Further, Defendants have agreed the Settlement Class should be certified for settlement purposes. *See* **Ex. 1**, Settlement Agreement at 12.

### 3. Typicality

Rule 23(a)(3) requires "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." But "'[e]very member of the class need not be in a

situation identical to that of the named plaintiff'" to meet the typicality requirement. *DG*, 594 F.3d at 1195 (citation omitted). Rather, "[p]rovided the claims of Named Plaintiffs and class members are based on the same legal or remedial theory, differing fact situations of the class members do not defeat typicality." *Id.* at 1198–99.

Plaintiff's claim is typical of the Settlement Class' claims because Defendants allegedly treated all owners in the same manner for purposes of paying statutory interest under the PRSA. Put differently, the same legal theories and issues of fact underlie the claims of the Settlement Class and Plaintiff because Defendants allegedly treated them uniformly. Thus, all Class Members who received a late payment under the PRSA suffered the same injury arising out of similar facts. Further, Defendants have agreed the Settlement Class should be certified for settlement purposes. *See* **Ex. 1**, Settlement Agreement at 12. Plaintiff satisfies typicality.

### 4.        Adequacy of Representation

Rule 23(a)(4) requires plaintiffs to show they "will fairly and adequately protect the interests of the class." In the Tenth Circuit, the adequacy requirement is satisfied when (1) neither plaintiff nor its counsel has interests in conflict with the interests of other class members; and (2) plaintiff will prosecute the action vigorously through qualified counsel. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188–89 (10th Cir. 2002). No conflicts exist between Plaintiff or its counsel and other members of the Settlement Class. To the contrary, Plaintiff shares the same incentive as the Settlement Class to vigorously prosecute this case and obtain recovery.

Plaintiff has done so, vigorously prosecuting this case through qualified counsel. Plaintiff's Counsel is experienced in class actions related to oil-and-gas payment claims under

Oklahoma law. Plaintiff's Counsel have been appointed as lead, co-lead or additional class counsel in multiple previous class actions, including multiple class actions in this Court.[2] Moreover, Defendants have agreed the Settlement Class should be certified for settlement purposes. *See* **Ex. 1**, Settlement Agreement at 12. Plaintiff and its counsel satisfy adequacy of representation.

### 5.    Predominance

Rule 23(b)(3) requires "questions of law or fact common to class members predominate over any questions affecting only individual members." "'The predominance inquiry tests whether proposed Class are sufficiently cohesive to warrant adjudication by representation'" by asking "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Ty- son Foods*, 136 S. Ct. at 1045 (citation omitted); *see also, e.g.*, *CGC Holding Co., LLC v. Hutchens, 773 F.3d 1076, 1087* (10th Cir. 2014) (same); *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1255 (10th Cir. 2014) ("Classwide proof is not required for all issues. Instead, Rule 23(b)(3) simply requires a showing that the questions common to the class predominate over individualized questions."). Thus, when "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some

---

[2] *See e.g. OGP, LLC v. Contango Resources, LLC*, No. 22-CV-382-JFH-JFJ (N.D. Okla. 2022); *Indianola Resources, LLC, et al. v. Calyx Energy III, LLC*, No. 21-CV-235-GLJ (E.D. Okla. 2021); *Rice v. Burlington Res. Oil & Gas Co. LP*, No. 20-CV-431-GKF-SH (N.D. Okla. 2020); *Wake Energy, LLC v. EOG Res. Inc.*, No. 20-CV-183-ABJ (D. Wyo. 2020); *Mitchell v. Red Bluff Res. Operating, LLC*, No. CJ-21-323 (D.C. Canadian County); *El Dorado v. Coffeyville Res. Refining & Marketing, LLC*, No. 21-CV-00542-GKF-JFJ (N.D. Okla. 2021); *Ritter v. Foundation Energy Management, LLC, et al.*, No. 22-CV-246-JFH (E.D. Okla. 2022); *Broadbent v. Presidio Petroleum, LLC*, No. CV-22-15 (D.C. Roger Mills County);

affirmative defenses peculiar to some individual class members." *Tyson Foods*, 136 S. Ct. at 1045 (citation omitted). Where, as here, Plaintiff and the Settlement Class' claims stem from a "common nucleus of operative facts," common issues predominate and certification is appropriate. *Arkalon Grazing Ass'n v. Chesapeake Operating, Inc.*, 275 F.R.D. 325, 331 (D. Kan. 2011) (citation omitted).

Again, Plaintiff alleges that Defendants systemically improperly held statutory interest owed under the PRSA by requiring owners to first demand payment for statutory interest. This alleged common conduct gave rise to each Class Member's claims, resulting in a sufficiently cohesive Settlement Class to warrant adjudication by representation. Because every Class Member's claims arise from Defendant's alleged systematic and uniform statutory interest calculation and payment methodology, common questions predominate over any individual issues. Further, Defendants have agreed the Settlement Class should be certified for settlement purposes. *See* **Ex. 1**, Settlement Agreement at 12. Plaintiff satisfies predominance.

## 6.    Superiority

Rule 23(b)(3) ensures that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In considering the superiority of a class action, courts consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

14

Fed. R. Civ. P. 23(b)(3). "In deciding whether to certify a settlement class, the Court need not inquire whether the case, if tried, would present difficult management problems under Rule 23(b)(3)(D)." *Motor Fuel*, 271 F.R.D. at 269.

Superiority is easily satisfied here, and concentrating the Litigation in this forum is desirable. There are no anticipated difficulties managing this case as a class action for settlement purposes only. Further, Defendants have agreed the Settlement Class should be certified for settlement purposes. *See* **Ex. 1**, Settlement Agreement at 12. This is an obvious instance in which the class action is the superior method of fair and efficient adjudication.

**B.    The Court Should Grant Preliminary Approval of the Proposed Settlement**

Courts strongly favor settlement as a method for resolving disputes. *See Sears v. Atchison, Topeka & Santa Fe Ry., Co.*, 749 F.2d 1451, 1455 (10th Cir. 1984); *see also Trujillo v. Colo.*, 649 F.2d 823, 826 (10th Cir. 1981) (citing "important public policy concerns that support voluntary settlements"); *Amoco Prod. Co. v. Fed. Power Comm'n*, 465 F.2d 1350, 1354 (10th Cir. 1972). This is particularly true in large, complex class actions such as this one. *See Big O Tires, Inc. v. Bigfoot 4x4, Inc.*, 167 F. Supp. 2d 1216, 1229 (D. Colo. 2001).

Rule 23(e) guides the Court to approve a class action settlement when Rule 23's requirements are met and when the settlement is fair to the class members. Proposed class action settlements follow a two-step process. *In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 671, 675 (D. Kan. 2009); *see also* MANUAL FOR COMPLEX LITIGATION § 13.14 (4th ed. 2004). **First**, the Court conducts preliminary analysis to determine if there is any reason not to notify the class or proceed with the proposed settlement. *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). **Second**, after the Court preliminarily approves the

settlement, the class is provided notice and an opportunity to be heard at a final fairness hearing, at which point the Court considers whether the settlement should be finally approved. *See In re Motor Fuel*, 258 F.R.D. at 675.

In this Motion, Plaintiff is asking the Court to undertake that first step. "The Court will ordinarily grant preliminary approval where the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *In re Motor Fuel*, 258 F.R.D. at 675 (internal quotations omitted). While "[t]he standards for preliminary approval are not as stringent as those applied for final approval," courts frequently refer to the final approval factors to determine whether a proposed settlement should be preliminarily approved. *Id.* at 675–76.

Rule 23 provides clear factors for the Court to review at this first step. Specifically, the Court should consider:

(A)    the class representative and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)    the relief provided for the class is adequate, taking into account:

(i)    the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-members claims;

(iii)    the terms of any proposed award of attorney's fees, including timing of payment;

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). The proposed Settlement checks each of these boxes.

**1.  Plaintiff and Its Counsel Have Adequately Represented the Settlement Class**

Under this factor, the Court should consider "the nature and amount of discovery in this or other cases, or the actual outcomes of other cases, may indicate whether counsel negotiating on behalf of the class had an adequate information base." Fed. R. Civ. P. 23 advisory committee notes, 2018. Plaintiff's Counsel has engaged in significant discovery efforts with Defendants throughout the Litigation. Plaintiff's Counsel has obtained, reviewed, and analyzed voluminous data, statutory interest payments, pay detail, and accounting information for Oklahoma owners. Further, Plaintiff and its counsel have engaged experts to review the information produced by Defendants so that the parties could appropriately consider the possibility of resolution. For months, counsel for Plaintiff worked with experts in an effort to fully understand the accounting data provided by Defendants and develop a damages model. This included frequent meetings, communications, and exchanges of additional data and material between the parties and their experts.

In addition, Plaintiff's Counsel has served as counsel in several prior individual and class action settlements involving the exact PRSA claims at issue in this case and is involved in several other currently pending putative class actions for the exact PRSA claims at issue in this case. The efforts of Plaintiff's Counsel in other cases have resulted in a collection of significant information laying the groundwork for the favorable Settlement reached in this case. The Settlement reached in this case with Defendants is on par or exceeds the proportionate settlement values reached in similar PRSA late-payment class actions. Finally, Plaintiff has remained actively involved in this litigation since filing and has thus adequately represented the Settlement Class.

**2.      The Proposed Settlement Was Negotiated at Arm's Length**

"[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid." *Reed v. GM Corp.*, 703 F.2d 170, 175 (5th Cir. 1983). Here, prior to reaching the Settlement, Plaintiff's Counsel conducted extensive investigation and research into the claims asserted, reviewed extensive data, and consulted with experts. The Settlement is the product of arm's-length negotiations between Plaintiff and Defendants and their experienced counsel at a point when Plaintiff and Defendants possessed more than sufficient evidence and knowledge to allow them to make informed decisions about the strengths and weaknesses of their respective cases.

The Settlement reached in this case is the product of mutual, zealous advocacy, taking into the account the relative strength and weakness of each side's case. This factor supports preliminary approval.

**3.      The Relief Provided for the Class Is Adequate, Taking into Account:**

*(i)       The Costs, Risks, and Delay of Trial and Appeal*

"Although it is not the role of the Court at this stage of the litigation to evaluate the merits . . . it is clear that the parties could reasonably conclude that there are serious questions of law and fact that exist such that they could significantly impact the case if it were litigated." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693–94 (D. Colo. 2006) (internal quotations omitted). As strongly as both sides feel about the merits of their stance, each side here recognizes serious questions of law and fact exist in this case.

Though the parties were able to ultimately agree to a settlement amount, they still vehemently disagree on numerous factual and legal issues. Defendants deny any wrongdoing giving rise to liability under the PRSA. *See* **Ex. 1**, Settlement Agreement at 3. Defendants have

entered into this Settlement solely to eliminate the burden, expense, and distraction of further litigation. *See id.* Plaintiff is optimistic about its chances of success at trial but recognizes there are a number of significant obstacles it would still have to overcome to achieve success on behalf of the Settlement Class. Put simply, serious questions of law and fact are still in dispute. Importantly, the meaningful Settlement renders the resolution of these questions unnecessary and provides a guaranteed recovery in the face of uncertainty.

### (ii)    *The Effectiveness of Any Proposed Method of Distributing Relief to the Classes, Including the Method of Processing Class Members' Claims*

The proposed distribution method for this common-fund Settlement has been highly effective in prior cases. Pursuant to the Settlement Agreement, Defendants will provide Plaintiff's Counsel their payment history data for payments made by Defendants for wells located in Oklahoma, including the names, last known addresses, and tax identification numbers of persons or entities receiving those payments. *See* **Ex. 1**, Settlement Agreement at 15. The Settlement Administrator will make reasonable efforts to: (a) verify the last-known address of potential Class Members provided by Defendants and (b) locate current addresses of any potential Class Member for whom Defendants have not provided addresses. *Id* at 14–15.

Subject to the Court's approval, Plaintiff's Counsel will allocate the Net Settlement Fund to individual Class Members who are participating in the settlement fairly and equitably, with due regard for the production date, the date the underlying payment was made, the amount of the underlying payment or the time periods set forth in the PRSA. *See* **Ex. 1**, Settlement Agreement at 24–25.

The Net Settlement Fund will be distributed by the Settlement Administrator as soon as reasonably possible after final approval has been obtained for the Settlement and any appeals are exhausted. The Settlement Agreement specifies deadlines for distributing the Net Settlement Fund. *See* **Ex. 1**, Settlement Agreement at 27. This distribution method has been approved and utilized in other late-payment class-action settlements. *See, e.g.*, *Cowan, et al., v. Devon Energy Corporation, et al.,* No. 22-CV-220-JAR, Doc. 21 (E.D. Okla. 2022), *Rice v. Burlington Res. & Gas Co. LP*, No. 20-CV-431-GKF-SH, Doc. 66 (N.D. Okla. Aug. 25, 2023), *Hay Creek Royalties, LLC v. Roan Res. LLC*, No. 19-CV-177-CVE-JFJ (N.D. Okla. 2021); *Pauper Petroleum, LLC v. Kaiser-Francis Oil Co.*, No. 19-CV-514-JFH-JFJ (N.D. Okla. 2021); *Deitrich v. Enerfin Resources I Limited Partnership, et al.*, No. 20-CV-084-KEW (E.D. Okla. 2022); *McKnight Realty Co. v. Bravo Arkoma, LLC*, No. 20-CV-428-KEW (E.D. Okla. 2022); *McNeill v. Citation Oil & Gas Corp.*, No. 17-CIV-121-RAW (E.D. Okla. 2019); *Wake Energy, LLC v. EOG Res., Inc.*, No. 20-CV-183-ABJ (D. Wyo. 2022);.

Importantly, as opposed to many other court-approved class action settlements in federal court, the Settlement Agreement doesn't require Class Members to submit claim forms in order to receive their share of the Net Settlement Fund. On the contrary, all Class Members who do not affirmatively opt-out of the Settlement will automatically receive a check without the burden of submitting a claim form. *See* **Ex. 1**, Settlement Agreement at 27.

### (iii)    *The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment*

Under the terms of the Settlement Agreement, Plaintiff's Counsel will apply to the Court for an award of attorneys' fees no later than twenty-eight days before the Final Approval Hearing. *See* **Ex. 1**, Settlement Agreement at 16–17. Plaintiff's Counsel anticipates that they

will seek a fee award of no more than forty percent of the Gross Settlement Fund. Plaintiff's Counsel has obtained an excellent recovery for Class Members in the form of a $2.1 million cash payment, plus future benefits. Under the Settlement Agreement, Plaintiff's Attorneys' Fees are to be paid to Plaintiff's Counsel from the Gross Settlement Fund, to the extent practicable through reasonably diligent efforts by the Escrow Agent, one (1) day following the date the Judgment becomes Final and Non-appealable. *See* **Ex. 1**, Settlement Agreement at 32-33.

### (iv)    *Any Agreement Required to be Identified under Rule 23€(3)*

The parties have entered into the Settlement Agreement, which is submitted in full at Exhibit 1.

### 4.    The Settlement Treats Class Members Equitably Relative to Each Other

The Settlement treats Class Members equitably relative to each other. All Class Members identified will receive their equitable share of the Net Settlement Fund based on the amount of statutory interest owed on the original underlying payment that allegedly occurred outside the time periods required by the PRSA, with due regard for the production date, the date the underlying payment was made, the amount of the underlying payment, and the time periods set forth in the PRSA. **Ex. 1**, Settlement Agreement at 24–25.

Because all four factors weigh in favor of the Settlement here, Plaintiff respectfully requests the Court grant preliminary approval of the Settlement.

### C.    The Court Should Preliminarily Approve the Proposed Notice of Settlement to the Settlement Class

Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Additionally, Rule 23(e)(1)(B) instructs courts to "direct notice in a

reasonable manner to all class members who would be bound by the proposal." In terms of content, a settlement notice need only be "reasonably calculated, under all of the circumstances, to apprise [the] interested parties of the pendency of the [settlement proposed] and [to] afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The hallmark of the notice inquiry . . . is reasonableness." *Lucas*, 234 F.R.D. at 696 (internal quotations omitted).

Plaintiff has submitted to the Court for approval the Notice of Settlement, which includes a postcard notice, a notice for publication on the settlement website, and a summary notice that will be published in various newspapers. The Notice of Settlement documents are attached to the Settlement Agreement as Exhibits 3–5. As set forth in the Settlement Agreement, Plaintiff and Defendants have agreed that, no later than thirty (30) days after entry of the Preliminary Approval Order, or at such time as is ordered by the Court, the Court-appointed Settlement Administrator shall begin disseminating the Notice by sending a copy of the postcard Notice (Settlement Agreement, Exhibit 3) via first-class mail to the last known mailing address of each Class Member who can be identified with reasonable effort to do so and also post the Notice (Settlement Agreement, Exhibit 4) on an Internet website dedicated to the Settlement. **Ex. 1**, Settlement Agreement at 15-16. Plaintiff and Defendants further agree that the Settlement Administrator also shall publish (or cause to be published) the Notice (Settlement Agreement, Exhibit 5) one time in each of the following newspapers: (a) *The Oklahoman*, a paper of general circulation in Oklahoma; and (b) *The Tulsa World*, a paper of general circulation in Oklahoma. After mailing the postcard Notice of Settlement and continuing through the date of the Final Fairness Hearing, the Settlement Administrator also will display (or cause to be displayed) on

an Internet website dedicated to this Settlement the following documents: (a) the Notice of Settlement; (b) the First Amended Complaint; (c) this Settlement Agreement; (d) the Preliminary Approval Order; and (e) other publicly filed documents related to the Settlement. *Id.* at 15-16. The Notices direct Class Members to this website for additional information. And, of course, these documents will also be available on the Court's docket.

In accordance with Rule 23(c)(2)(B), the proposed Notice will fully inform Class Members about the Litigation, the proposed Settlement, and the facts they need to make informed decisions about their rights and options in connection with the Settlement. Specifically, the Notices clearly describe: (i) the terms and operations of the Settlement; (ii) the nature and extent of the release of claims; (iii) Plaintiff's Counsel's intent to request attorneys' fees, reimbursement of expenses, and a case contribution award; (iv) the procedure and timing for objecting to the Settlement; (v) the procedure and timing for requesting exclusion; (vi) the date, time, and place of the Final Fairness Hearing; and (vii) ways to receive additional information about this Litigation and the proposed Settlement. The Notices also provide Class Members with a toll-free number and email address for Settlement-related inquiries and a URL address for the dedicated Settlement website where Class Members may obtain additional information. Thus, the Notices are reasonably calculated to apprise the interested parties of the pendency of the Settlement and afford them an opportunity to opt out or to object. As such, the form and manner of the proposed Notice meets the requirements of both Rule 23 and due process. The Court should approve the Notices and the manner through which they will be delivered and communicated to the Settlement Class.

**D.    Appointment of JND Legal Administration as Settlement Administrator Is Proper**

To accomplish the processing of requests for exclusion and the distribution of the Net Settlement Fund in accordance with a Court-approved plan of allocation and distribution, Plaintiff respectfully requests the Court appoint JND Legal Administration ("JND") as the Settlement Administrator. JND is a leading class action administration company that has handled many complex class action settlements.[3] Further, under the terms of the Settlement Agreement, Plaintiff, Defendants, and their Counsel will work directly with the Settlement Administrator for much of the notice, administration, and distribution processes. Accordingly, Plaintiff respectfully requests the Court appoint JND as the Settlement Administrator.

**E.    Appointment of JND as Escrow Agent is Proper**

Additionally, Plaintiff respectfully requests the Court appoint JND as the Escrow Agent. Pursuant to the terms of the Settlement Agreement, the parties mutually agreed upon JND to carry out the duties assigned to the Escrow Agent. **Ex. 1**, Settlement Agreement at 6.

### CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court enter the agreed proposed Preliminary Approval Order, attached as **Exhibit 1** to the Settlement Agreement (**Ex. 1** hereto), which will: (1) certify the Settlement Class for Settlement purposes; (2) preliminarily approve the Settlement; (3) appoint Plaintiff as Class Representative for the Settlement Class; (4) appoint Brady L. Smith and Harry "Skeeter" Jordan of Brady Smith Law, PLLC and Randy Smith of Randy C. Smith and Associates as Co-Lead Class Counsel; (5) approve the form and manner of the proposed Notice; (6) appoint JND Legal Administration as Settlement Administrator; (7)

---

[3] More information about JND can be found on its website at: www.jndla.com.

appoint JND Legal Administration as Escrow Agent; and (8) set a hearing date for final approval

of the Settlement and application for an award of Plaintiff's Attorneys' Fees, Litigation

Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award

to Plaintiff.

Respectfully submitted,

By:    */s/ Randy C. Smith*
Randy C. Smith, OBA #21824
RANDY C. SMITH AND ASSOCIATES
One Leadership Square, Suite 1310
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone (405) 212-2786
Facsimile (405) 232-6515
randy@rcsmithlaw.com

*—and—*

Brady L. Smith, OBA #30727
Harry "Skeeter" Jordan, OBA #32437
**Brady Smith Law, PLLC**
One Leadership Square, Suite 1320
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: 405.293.3029
Brady@BLSmithLaw.com
Skeeter@BLSmithLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

*/s/ Randy C. Smith*