IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WAKE ENERGY, LLC, on behalf of itself and all other similarly situated** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | ) Case No. CIV-22-364-GLJ<br>) |
| **MUSTANG FUEL CORPORATION, and MUSTANG GAS PRODUCTS, LLC,** | )<br>)<br>) |
| **Defendant,** | )<br>)<br>) |

**OPINION AND ORDER**

This matter comes before the Court pursuant to Darrell Palmer and Pamela Palmer's Motion to Intervene as Party Plaintiffs [Docket No. 60] and Melvin McDonald and Carlos McDonald's Motion to Intervene as Party Plaintiffs [Docket No. 61] (collectively "Motions to Intervene"). On December 14, 2022, Plaintiff, Wake Energy, LLC, filed this action on behalf of itself and all other similarly situated ("Plaintiff") against Mustang Fuel Corporation and Mustang Gas Products, LLC ("Defendants") for the alleged failure to pay statutory interest on payments outside the time periods set forth in the Production Revenue Standards Act, Okla. Stat. tit. 52, § 570.1 *et seq.* ("PRSA") for oil production proceeds from wells in Oklahoma. Docket No. 2. In May 2024 Plaintiff and Defendants executed a Stipulation and Agreement of Settlement. Docket No. 47. Subsequently, on May 30, 2024, the Court granted preliminary approval of the class action settlement, certified the class for settlement purposes, approved the form and manner of notice, and set a Final Fairness

Hearing which was held on January 8, 2025. Movants did not appear. Docket No. 53. Darrell Palmer, Pamela Palmer, Melvin McDonald, and Carlos McDonald (collectively "Movants"), proceeding pro se, seek to intervene in this action alleging that they own property in Oklahoma City, Oklahoma, which was transferred to them by Olivia Howard, and they have not received any payments from Defendants for the oil and gas that is being drilled beneath their properties. Docket Nos. 60 & 61. For the reasons set forth herein, the Court finds that the Motions to Intervene should be DENIED.

## ANALYSIS

The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1165 (internal citations omitted). Movants are proceeding pro se and, as such, their "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings dra fted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Federal Rule of Civil Procedure 24 provides for intervention as of right or permissive intervention on timely motion. Fed. R. Civ. P. 24. Docket Nos. 60 & 61. Movants do not identify whether they seek to intervene as of right or intervene permissively. The Court addresses each in turn.

### I. Intervention as of Right

"On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of

the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Movants do not identify a federal statute conferring a right to intervene, and thus "must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (*citing Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)).

The Court applies "practical judgment when determining whether the strength of the interest and potential risk of injury to that interest justify intervention," and this is "a minimal burden." *Kane County*, 928 F.3d at 891. (internal citations omitted). Whether an interest is "sufficient to warrant intervention as a matter of right is a highly fact-specific determination, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996). The interest must be "direct, substantial, and legally protectable." *Id.* An interest is "protectable" if it "would be impeded by the disposition of the action." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (citing *San Juan Cnty., Utah*, 503 F.3d at 1203)). However, "[i]ntervenors are not permitted to raise interests or issues that fall outside of the issues raised in the lawsuit." *American Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D. N.M. Sept. 9, 2008) (citing *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994)).

Movants are raising interests and/or issues that are outside the scope of the issues presented in this action. Both the Palmers and the McDonalds contend they have an interest in the property or transaction at issue in this matter because they are entitled to oil and gas production proceeds and have never received any such payments. Docket Nos. 60, 61, & 64. However, because the Movants have not received any late payments[1] it does not appear that they are part of the settlement class which is defined as:

> All non-excluded[2] persons or entities who: (1) **received late payments** under the PRSA from Defendants (or Defendants' designee) for oil and gas proceeds from Oklahoma wells, or whose proceeds from Oklahoma wells were sent as unclaimed property to a government entity by Defendants; and (2) whose proceeds did not include the statutory interest required by the PRSA. Docket No. 50, p.3.

Whether Movants *should* be getting paid by Defendants appears to be an issue of title, which is distinct from the claim at issue—whether the late payments which *were* paid to the class members included the statutory interest required under the PRSA. As such,

---

[1] Melvin McDonald and Carlos McDonald indicate that they have received royalty checks addressed to Veava Straw at their residence and contend that she no longer has an interest in their property. Docket No. 61. An affidavit of Todd J. Attalla attached to Plaintiff's response to the Motions to Intervene indicates that Veava Straw was identified in the Defendants' payment detail but the mineral interest that makes her part of the Class is for a well located in Pittsburg County, Oklahoma. Docket No. 62-1, p. 2. The affidavit also indicates that Mr. Attalla did not locate the Movants or Olivia Howard in the payment detail provided by Defendants. *Id.*

[2] Excluded from the Class are: (1) Defendants, their affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian Tribe as defined at 30 U.S.C. § 1702(4) or Indian allotee as defined at 30 U.S.C. § 1702(2); (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; (5) publicly traded companies; and (6) XTO Energy Inc., SK Nemaha, LLC, Ovintiv Mid-Continent Inc., Hinkle Oil & Gas Inc., White Star Petroleum Holdings, LLC, Continental Resources Inc., Unit Petroleum Company, Staghorn Petroleum II, LLC, Chesapeake Exploration, LLC. Canvas Energy LLC, Contango Resources LLC, BCE-Mach III LLC, and Shiloh Oil Corporation. *See* Docket No. 53, p. 3.

Movants have not established that they have an interest relating to the property or transaction at issue herein and likewise have not shown that the disposition of this action may "impair or impede" their interests. Fed. R. Civ. P. 24(a)(2); *see Nat. Res. Def. Council v. United States Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978) ("the question of impairment is not separate from the question of existence of an interest."); *United States v. Albert Inv. Co.*, 585 F.3d 1386 (10th Cir. 2009) (internal quotations omitted). ("At minimum, the [Movants] must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and potential risk of injury to that interest justify intervention.") (internal quotations omitted). Therefore, the Court finds that Movants are not entitled to intervention as of right.

## II.     Permissive Intervention

"To permissively intervene, a party need not have a direct personal or pecuniary interest in the subject of the litigation." *San Juan Cnty., Utah v. U.S.*, 503 F.3d 1163, 1207 (10th Cir. 2007). Pursuant to Fed. R. Civ. P. 24(b) "anyone may be permitted to intervene who (A) is given a conditional right to intervene by a federal statute; or (B) . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In "deciding whether to permit intervention, the court is also required to consider whether the intervention will 'unduly delay or prejudice' the adjudication of the rights of existing litigants." *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005) (quoting Fed. R. Civ. P. 23(b)(3)). As discussed above, Movants' claims are distinct from the claim brought by Plaintiff and therefore do not

appear to share common questions of law or fact with the class. *See Lowery v. City of Albuquerque*, 2012 WL 1378528, at *12 (D.N.M. Apr. 11, 2012) ("[I]f they are not class members, then they have no right to intervene under rule 24(b)(1), because their claims do not share common questions of law or fact with the class action.").

Additionally, Movants' Motions to Intervene are untimely. Timeliness is determined based on the totality of the circumstances. *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). The Court looks to "three factors as particularly important: [(1)] the length of time since the [movant] knew of [its] interests in the case' [(2)] prejudice to the existing parties; [and (3)] prejudice to the [movant]." *Id.* (alterations in original). Timeliness is "essentially . . . a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Woodring v. Culbertson*, 227 F.R.D. 290, 292 (N.D. Ind. Apr. 14, 2005) (quoting *Nissei Sangyo Am., Ltd. v. U.S.*, 31 F.3d 435, 438 (7th Cir. 1994)) (internal citations and quotations omitted).

Movants contend that their Motions to Intervene are timely because they have only recently learned of the present lawsuit. Docket No. 64, pp. 1-2. Although this weighs in favor of finding Movants' Motions to Intervene are timely, the totality of the circumstances presented weigh against finding Movants' motions as timely. Indeed, at the time Movants filed their motions this action had been ongoing for close two years, and this matter is in its final stages as the parties have reached a settlement and this matter is set for a final fairness hearing. Thus, permitting Movants to intervene at this late stage of litigation would unnecessarily prolong and complicate resolution of this case and likely cause prejudice to

the current parties. *See, e.g.*, *United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996 (denying motion to intervene where litigation was in its final stages); *DeJulius*, 429 F.3d at 943 (10th Cir. 2005) (affirming district court's denial of permissive intervention on the basis that intervention would cause undue delay to the final disposition of the class settlement.). Therefore, the Court finds that the totality of the circumstances in this case favor denying Movants the opportunity to permissively intervene. Lastly, because Movants' Motions to Intervene are denied, the Court denies Movants' Motion for Appointment of Counsel [Docket No. 65] as MOOT.

## CONCLUSION

Accordingly, based on the foregoing, IT IS ORDERED that Darrell Palmer and Pamela Palmer's Motion to Intervene as Party Plaintiffs [Docket No. 60] and Melvin McDonald and Carlos McDonald's Motion to Intervene as Party Plaintiffs [Docket No. 61] are DENIED. IT IS FURTHER ORDERED that Movants' Motion for Appointment of Counsel [Docket No. 65] is hereby denied as MOOT.

IT IS SO ORDERED this 8th day of January 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**